IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DARRYL PERRY,

      Plaintiff,

v.                                                              No. 1:23-cv-01254-JDB-jay

CITY OF JACKSON,
JACKSON TRANSIT,
JACKSON TRANSIT BOARD,
and TRANSDEV,

      Defendants.

_____

## REPORT AND RECOMMENDATION
_____

Defendants City of Jackson, Jackson Transit, and Jackson Transit Board moved for summary judgment (D.E. 32.) Plaintiff Darryl Perry has not filed a response. This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. It is RECOMMENDED that Defendants City of Jackson, Jackson Transit, and Jackson Transit Board's motion for summary judgment be GRANTED.

I.

A. Procedural Background

Perry brought this *pro se* action alleging that he was injured while working for Jackson Transit and was terminated after seeking workers' compensation benefits. (D.E. 1.) Perry filed a Charge of Discrimination with the Equal Employment Opportunity Commission on August 3, 2022, alleging that he was discriminated against because of his disability. (D.E. 30 at 1.) In his Charge of Discrimination, Perry alleges that the discriminatory acts occurred between March 1,

2022, and July 7, 2022. (Id. at 1-2.)  Perry then filed an Amended Charge of Discrimination on August 3, 2022, alleging that he was discriminated against because of his age and disability, and that he was retaliated against.  (Id. at 2.)  In his Amended Charge of Discrimination, Perry alleged that the discriminatory acts occurred between March 1, 2021, and July 20, 2022.  (Id.)  Finally, Perry submitted a second Amended Charge of Discrimination on September 14, 2022. (Id.)  Perry again alleged that the acts of discrimination occurred between March 1, 2021, and July 20, 2022.  (Id.)

In his original and both amended charges of discrimination, Perry only identified the City of Jackson and/or Jackson Transit as the employer(s) he believed discriminated against him.  (Id.).  The EEOC issued a Right-to-Sue letter on November 29, 2023, and Perry filed this action on December 1, 2023. (D.E. 1.) In his Complaint, Plaintiff alleged that the City of Jackson, Jackson Transit, Jackson Transit Board and Transdev discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA").  (Id.)

Defendant Transdev moved for dismissal on the grounds that Perry had failed to exhaust his administration remedies against it before filing suit and that he failed to allege any facts against Transdev to state a claim. (D.E. 29.) Perry did not file a response in opposition, the undersigned issued a report and recommendation that Transdev's motion to dismiss be granted. (D.E. 30) Perry filed no objections to the report and recommendation, and the Court adopted the report and recommendation and dismissed Transdev on June 18, 2024. (D.E. 33.)

Defendants City of Jackson, Jackson Transit, and Jackson Transit Board moved for summary judgment on June 12, 2024. (D.E. 32.) During a telephonic scheduling conference held on July 10, 2024, the Court extended Perry's response deadline to July 22, 2024. (D.E. 35.) Perry

did not file a response by the extended deadline and the Court issued a show cause order directing him to show cause no later than August 14, 2024, as to why the motion for summary judgment should not be granted. (D.E. 38.) Perry has not filed a response to the show cause order or otherwise responded to the motion for summary judgment.

## B.  Proposed Findings of Facts

Defendants City of Jackson, Jackson Transit, and Jackson Transit Board filed a Statement of Undisputed Material Facts in support of their motion for summary judgment. (D.E. 32-2.) Perry's failure to respond to these Defendants' Statement of Undisputed Material Facts indicates "that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.1(d); *see also* Fed. R. Civ. P. 56(e)(2). The Court therefore should take the entirety of Defendants City of Jackson, Jackson Transit, and Jackson Transit Board's Statement of Undisputed Material Facts as undisputed for the purpose of this motion as follows:

On July 1, 2013, Defendants City of Jackson and Jackson Transit Authority hired Perry as a full-time driver. (D.E. 32-2, Defs.' Stmt. Of Undisp. Fact ¶ 1.) Jackson Transit Authority is a union facility with a Collective Bargaining Agreement ("CBA"). (Id. at ¶ 2.) Perry was a member of the union at JTA. (Id. at ¶ 3.) Under the CBA, union members have a right to file a grievance for a dispute, including termination of employment, between the union member and Jackson Transit Authority. (Id. at ¶ 4.)

After he had exhausted his FMLA leave and could not return from a leave of absence, on July 20, 2022, Defendants notified Perry that it was terminating his employment. (Id. at ¶ 5.) The next day, on July 21, 2022, Perry filed a grievance under the CBA challenging his termination. (Id. at ¶ 6.) Once Perry filed a grievance, Defendants paused Perry's termination until the grievance process concluded; Defendants did not terminate Perry. (Id. at ¶ 7.)  During the grievance process,

Defendants and Perry reached a mutual resolution. (Id. at ¶ 8.) Perry requested a one-year medical leave of absence. (Id. at ¶ 9.) Instead of terminating Perry, Defendants and Perry agreed to provide Perry with a one-year leave of absence with no loss of benefits or seniority. (Id. at ¶ 10.) Consequently, as a result of the grievance resolution, Defendants rescinded Perry's termination. (Id. at ¶ 11.) The one-year leave of absence was to end and Perry return to work on July 5, 2023. (Id. at ¶ 12.)

On July 3, 2023, Perry submitted a written letter in which he voluntarily retired effective July 5, 2023. (Id. at ¶ 13.) Perry's written letter stated:

Dear Elizabeth Merriwether, and Travis P. Franklin:

Please accept this as official notice of my retirement. Thank you to all in management and fellow co-workers for the opportunity that God placed into me to serve you and the public, for the last 9 years. After careful consideration and discussions with my family. We arrived at this decision to retire. My retirement from the City of Jackson & Jackson Transit will be effective July 5, 2023.

God bless you all,

Darryl L. Perry

(Id. at ¶ 14.)

Perry filed a charge of discrimination and an amended charge of discrimination but did not identify Jackson Transit Board in the charges. Charges of Discrimination. (Id. at ¶ 15.)

## II.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). "The moving party bears the initial burden of production." *Palmer v. Cacioppo*, 429 F. App'x 491, 495 (6th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met its burden, "the burden shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 196, 200 (6th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[I]f the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). "In order to survive a motion for summary judgment, the non-moving party must be able to show 'sufficient probative evidence' [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy." *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 534 (6th Cir. 2004). "The central issue 'is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Palmer*, 429 F. App'x at 495 (quoting *Anderson*, 477 U.S. at 251-52). "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

The court recognizes that Perry is a *pro se* plaintiff, and *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Bass v. Wendy's of Downtown, Inc.*, 526 F. App'x 599, 601 (6th Cir. 2013) ("Non-prisoner *pro se* litigants are treated no differently than litigants who choose representation by attorneys.")

(citations omitted). This includes at the summary judgment stage. *See Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010) ("[Plaintiff]'s status as a *pro se* litigant does not alter his duty on a summary judgment motion."); *see also McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se*, however, are not entitled to special treatment, including assistance in regards to responding to dispositive motions."); *Walker v. Lauderdale Cty.*, No. 2:16-cv-2362-STA-egb, 2019 WL 1179423, at *2 (W.D. Tenn. Mar. 13, 2019) ("District courts have no obligation to notify non-prisoner *pro se* parties of the requirements of Federal Rule of Civil Procedure 56 or to advise them of the consequences of failing to respond to a summary judgment motion.") (citing *McKinnie*, 341 F.3d at 558).

III.

Defendants City of Jackson, Jackson Transit, and Jackson Transit Board move for summary judgment on three grounds. First, Perry's claims against Jackson Transit Board should be dismissed because he did not exhaust his administrative remedies against Jackson Transit Board. Second, Perry's ADA and ADEA claims should be dismissed because he did not suffer an adverse employment action since he retired. Third, Perry's ADA failure to accommodate claim should be dismissed because these Defendants provided a reasonable accommodation.

A.  Perry Failed to Exhaust His Administrative Remedies against Jackson Transit Board.

The Court previously dismissed Defendant Transdev because Perry did not exhaust his administrative remedies against it before filing this lawsuit. (*See* D.E. 30, 33.) Defendant Jackson Transit Board should be dismissed with prejudice for the same reason.

For claims under the ADA and ADEA, Perry was required to exhaust his administrative remedies before filing suit. *Jones v. Natural Essentials, Inc.*, 740 Fed. App'x 489, 492 (6th Cir. 2018). To exhaust his administrative remedies, Perry "must first file an administrative charge with

the EEOC within a certain time after the alleged wrongful act or acts." *Kilpatrick v. HCA Human Res., LLC*, 838 Fed. App'x 142, 145 (6th Cir. 2020). "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal." *Williams v. Nw. Airlines, Inc*., 53 Fed. App'x 350, 351 (6th Cir. 2002).

Here, Perry did not identify Jackson Transit Board in his EEOC charge. Nor did Perry make any statement or reference about Jackson Transit Board in his EEOC charges that would have prompted the EEOC to investigate claims specifically against Jackson Transit Board. Like with Defendant Transdev, Perry did not exhaust his administrative remedies against Jackson Transit Board.

Perry had until May 23, 2023, to timely file an EEOC charge of discrimination. Because Perry did not file a charge of discrimination against Jackson Transit Board by May 23, 2023, Perry's claims against Jackson Transit Board should be dismissed with prejudice.

### B.  Perry Did Not Suffer an Adverse Employment Action.

The City of Jackson and Jackson Transit should be granted summary judgment with respect to Perry's ADA and ADEA disability claims. To establish a claim of discrimination under either the ADA or ADEA, Perry must show, among other factors, that he suffered an adverse employment action. *See e.g., Kollmer v. Jackson Tenn. Hosp. Co*., LLC, 219 F. Supp.3d 738, 746-47 (W.D. Tenn. 2016) (stating that ADA discrimination plaintiff must show that (1) he was disabled under the ADA; (2) was otherwise qualified to perform the essential functions of a position, with or without accommodation; (3) suffered an adverse employment action; (4) the employer knew or had reason to know of plaintiff's disability; and (5) a nondisabled person replaced plaintiff); *Weatherby v. Fed. Exp.,* 454 Fed. App'x 480, 489 (6th Cir. 2012) (stating ADEA plaintiff must show that (1) he was at least 40 years old at the time of the alleged discrimination; (2) was subjected

to an adverse employment action; (3) was otherwise qualified for the position; and (4) was replaced by a younger worker). The undisputed facts demonstrate that Perry voluntarily retired from his employment as evidenced by his July 3, 2023, resignation letter. "A voluntary resignation is not an adverse employment action." *Cox v. Little Clinic of Tenn., LLC*, No. 3:18-CV-00679, 2020 WL 6685517, at *5 (M.D. Tenn. Nov. 12, 2020), *aff'd*, 858 F. App'x 176 (6th Cir. 2021); *see also Hammon v. DHL Airways, Inc*., 165 F.3d 441, 447 (6th Cir. 1999). Because Perry did not suffer an adverse employment action when he voluntarily retired, his ADA and ADEA discrimination claims must fail.

### C.  Defendants Provided Perry a Reasonable Accommodation.

Finally, the City of Jackson and Jackson Transit should be granted summary judgment with respect to Perry's ADA failure to accommodate claim. To establish a failure to accommodate claim under the ADA, Perry must establish that:

> he is disabled within the meaning of the Act [ADA]; (2) he is otherwise qualified for the position, with or without reasonable accommodation; (3) . . . [Defendants] knew or had reason to know about his disability; (4) he requested an accommodation; and (5) . . . [Defendants] failed to provide the necessary accommodation.

*Johnson v. Cleveland City Sch. Dist*., 443 Fed. App'x 974, 982-83 (6th Cir. 2011).

The undisputed evidence shows that Perry requested a one-year medical leave of absence and the City of Jackson and Jackson Transit agreed to Perry's request. Summary judgment is appropriate when an employer provides an employer the accommodation the employee requests. *See e.g., Booth v. Nissan North Am., Inc*., 927 F.3d 387, 396 (6th Cir. 2019) (plaintiff failed to establish failure to accommodation claim failed because the employer provided a reasonable accommodation). Because the City of Jackson and Jackson Transit provided Perry with the accommodation he requested, Perry cannot maintain an ADA failure to accommodate claim.

IV.

For the reasons above, it is RECOMMENDED that Defendants City of Jackson, Jackson Transit, and Jackson Transit Board's Motion for Summary Judgment be GRANTED.

Respectfully submitted this the 21st day of August, 2024.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**