IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DARRYL PERRY,

    Plaintiff,

v.                                                  No. 1:23-cv-01254-JDB-jay

CITY OF JACKSON, *et al.*,

    Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING JACKSON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND
DISMISSING CASE

    The pro se Plaintiff, Darryl Perry, brought this action on December 1, 2023, against the City of Jackson, Tennessee; Jackson Transit; Jackson Transit Board (collectively, the "Jackson Defendants"); and Transdev Services, Inc. ("Transdev"), alleging violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117. (Docket Entry ("D.E.") 1.)  In accordance with Administrative Order 2013-05, the case was referred to the magistrate judge for management of all pretrial matters.

    In an order entered June 18, 2024, this Court adopted the report and recommendation of United States Magistrate Judge Jon A. York recommending that the Court grant Transdev's motion to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  (D.E. 33.)  Transdev was therefore terminated as a defendant in this action.

---

[1] Perry failed to respond to the motion to dismiss or file objections to the report and recommendation.

1

On June 12, 2024, the Jackson Defendants moved for summary judgment in accordance with Fed. R. Civ. P. 56. (D.E. 32.) In a report and recommendation entered August 21, 2024, Judge York recommended that the motion be granted. (D.E. 40.) Perry failed to respond to the motion for summary judgment or to an order to show cause why he failed to respond (*see* D.E. 38).

Plaintiff has not objected to the August 21, 2024, report and recommendation and the time for doing so has expired. The United States Supreme Court has noted that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (1983 Addition).

Upon careful review, and finding no clear error, the undersigned hereby ADOPTS the report and recommendation, GRANTS the Jackson Defendants' motion for summary judgment, and DISMISSES all claims against them in this matter. As Plaintiff's claims against all Defendants in this case have been dismissed, the Clerk is DIRECTED to enter judgment in accordance with this order. The Clerk is further DIRECTED to remove all settings herein from the Court's calendar.

IT IS SO ORDERED this 11th day of September 2024.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE